UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Computer Patent Systems, LLC ) <br> 2600 Bennington Road ) <br> Charlottesville, VA 22901 ) <br> ) <br>       Plaintiff, ) <br> ) <br>       v. ) <br> ) <br> Wagan Corporation ) <br> 31088 San Clemente Street ) <br> Hayward, California 94544, ) <br> ) <br> Best Buy Stores, L.P. ) <br> 7601 Penn Avenue South ) <br> Richfield, MN 55423, ) <br> ) <br>       And ) <br> ) <br> BestBuy.com LLC ) <br> 7601 Penn Avenue South ) <br> Richfield, MN 55423 ) | Civ. Action No.: 3:13-cv-00037 - GEC |

<u>SECOND AMENDED COMPLAINT AND</u>
<u>JURY TRIAL REQUEST</u>

COMES NOW the Plaintiff, Computer Patent Systems, LLC (hereinafter "CPS"), and for its cause of action against Defendants, Wagan Corporation (hereinafter "Wagan") and Best Buy Stores, L.P. and BestBuy.com LLC (hereinafter "Best Buy")(Wagan and Best Buy herein being sometimes referred to as "Defendants"), for patent infringement, CPS alleges:

1

Parties and Jurisdiction

1. CPS is a limited liability company formed under the laws of Virginia and having its principal place of business at 2600 Bennington Road, Charlottesville, Virginia, 22901.

2. Upon information and belief, Best Buy is a corporation formed under the laws of Minnesota and having its principal place of business at 7601 Penn Avenue South, Richfield, MN 55423, that distributes various goods and services within this district through its retail stores, and that sells within this district power inverters infringing the patents-in-suit.

3. Upon information and belief, Wagan is a California corporation having a principal place of business at 31088 San Clemente Street, Hayward, California 94544.

4. Upon information and belief, Wagan makes, sells, offers to sell, uses, imports and otherwise distributes power inverters, including the Smart AC 80 USB; Smart AC 100 USB; Smart AC Flight 150 USB; Smart AC 400 USB; Smart AC 150 USB II; Smart AC 150 USB Traveler; and Smart AC 210 USB power inverters, throughout the United States and within this district.

4. This is a complaint for infringement of U.S. Patent No. 8,472,192 ("the '192 patent"); U.S. Patent No. 8,154,872 ("the '872 patent"); U.S. Patent No. 7,483,272 ("the '272 patent"); U.S. Patent No. 7,298,627 ("the '627 patent"); and U.S. Patent No. 7,272,008 ("the '008 patent") under 35 U.S.C. §271.

5. The Court has original and exclusive jurisdiction over the subject matter of the complaint under 28 U.S.C. §§ 1331, 1338(a).  Venue is proper under 28 U.S.C. §§ 1391 and 1400(a).

6.  This Court has personal jurisdiction over Wagan's by virtue of, *inter alia,* Wagan's systematic and continuous contacts with Virginia, including, on information and belief, sales of power inverters and other products to Virginia corporate citizens, and service of the Virginia market through the intended, regular and anticipated flow of such products from manufacture to distribution to retail sale in Virginia.

## General Allegations

7. CPS is the owners of all right, title and interest in the '192 patent; the '872 patent; the '272 patent; the '627 patent; and the '008 patent by virtue of assignments, which have been duly recorded at the United States Patent and Trademark Office. Copies of the '192; '872; '272; 627; and '008 patents (collectively referred to as "the patents-in-suit") are attached hereto as Exhibits 1-5, respectively.

8. The '192 patent was filed on April 10, 2012 and issued on June 25, 2013. The '192 patent claims the benefit under 35 U.S.C. 120 to a filing date of November 14, 2003.

9. The '872 patent was filed on December 17, 2008 and issued on April 10, 2012. The '872 patent claims the benefit under 35 U.S.C. 120 to a filing date of November 14, 2003.

10. The '272 patent was filed on June 12, 2007 and issued on January 27, 2009. The '272 patent claims the benefit under 35 U.S.C. 120 to a filing date of November 14, 2003.

11. The '627 patent was filed on November 02, 2006 and issued on November 20, 2007. The '627 patent claims the benefit under 35 U.S.C. 120 to a filing date of November 14, 2003.

12. The '008 patent was filed on March 09, 2004 and issued on September 18, 2007.  The '008 patent claims the benefit under 35 U.S.C. 120 to a filing date of November 14, 2003.

13. The patents-in-suit are presumed valid by virtue of 35 U.S.C. § 282.

14. The patents-in-suit are in full force and effect.

15. Wagan is in the business of designing, manufacturing, distributing and selling automotive accessories including power inverters.

16. Wagan imports, sells, has sold and/or has offered to sell within the United States and within this judicial district, power inverters, including the Smart AC 80 USB; Smart AC 100 USB; Smart AC Flight 150 USB; Smart AC 400 USB; Smart AC 150 USB II; Smart AC 150 USB Traveler; and Smart AC 210 USB power inverters, throughout the United States and within this district.

17. Wagan operates an interactive web page whereby consumers within this district may view products and download product manuals for the accused power inverters.

COUNT I

Patent Infringement; U.S. Patent No. 8,472,192

18. Paragraphs 1 through 17 are adopted and incorporated herein by reference as is fully set out in this paragraph 18.

19. CPS is the owner of the '192 patent.

20. Wagan imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 80 USB and Smart AC 100 USB power inverters, that are covered by the '192 patent.

21. Wagan has infringed upon the '192 patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing power inverters that infringe the '192 patent, all to the damage and injury of the Plaintiff CPS.

22. Wagan has sold and offered for sale power inverters that infringe the '192 patent after constructive notice of the '192 patent, and upon information and belief continues to sell the accused Smart AC 80 USB and Smart AC 100 USB power inverters.

23. Wagan sells and has sold the infringing Smart AC 80 USB and Smart AC 100 USB power inverters within the United States without license from CPS.

24. Upon information and belief Wagan's actions were willful and in disregard of CPS' rights in the '192 patent.

25. Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Wagan on account of its infringement of the '192 patent.

26. Best Buy sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 80 USB and Smart AC 100 USB power inverters, covered by the '192 patent.

27. Best Buy has infringed upon the '192 patent in violation of Title 35 U.S.C. §271 by using, selling, offering to sell, and/or importing power inverters that infringe the '192 patent, all to the damage and injury of the Plaintiff CPS.

28. Best Buy has sold and offered for sale power inverters that infringe the '192 patent after constructive notice of the '192 patent.

29. Best Buy sells and has sold the infringing Smart AC 80 USB and Smart AC 100 USB power inverters within the United States without license from the CPS.

30. Upon information and belief Best Buy's actions were willful and in direct disregard of CPS' patent rights.

31.  Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Best Buy for its infringement of the '192 patent.

COUNT II

Patent Infringement; U.S. Patent No. 8,154,872

32. Paragraphs 1 through 17 are adopted and incorporated herein by reference as is fully set out in this paragraph 32.

33. CPS is the owner of the '872 patent.

34. Wagan imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Twin USB/DC Sockets Travel Adaptor, the Smart AC 100 USB, the Twin USB/DC Cup Holder Adaptor and the 700W USB AC Inverter, that are covered by the '872 patent.

35. Wagan has infringed upon the '872 patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing power inverters that infringe the '872 patent, all to the damage and injury of the Plaintiff CPS.

36. Wagan has sold and offered for sale power inverters that infringe the '872 patent after actual and constructive notice of the '872 patent, and upon information and belief continues to sell the accused power inverters after having notice of the infringement.

37. Wagan sells and has sold the infringing power inverters within the United States without license from CPS.

38. Upon information and belief Wagan's actions were willful and in disregard of CPS' rights in the '872 patent.

39.  Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Wagan on account of its infringement of the '872 patent.

40. Best Buy sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Twin USB/DC Sockets Travel Adaptor, the Smart AC 100 USB, the Twin USB/DC Cup Holder Adaptor and the 700W USB AC Inverter, covered by the '872 patent.

41. Best Buy has infringed upon the '872 patent in violation of Title 35 U.S.C. §271 by using, selling, offering to sell, and/or importing power inverters that infringe the '872 patent, all to the damage and injury of the Plaintiff CPS.

42. Best Buy has sold and offered for sale power inverters that infringe the '872 patent after constructive notice of the '872 patent.

43. Best Buy sells and has sold the infringing power inverters within the United States without license from the CPS.

44. Upon information and belief Best Buy's actions were willful and in direct disregard of CPS' patent rights.

45.  Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Best Buy for its infringement of the '872 patent.

COUNT III

Patent Infringement; U.S. Patent No. 7,483,272

46. Paragraphs 1 through 17 are adopted and incorporated herein by reference as is fully set out in this paragraph 46.

47. CPS is the owner of the '272 patent.

48. Wagan imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 80 USB, the Smart AC 100 USB power inverters and the 700W USB AC Inverter, that are covered by the '272 patent.

49. Wagan has infringed upon the '272 patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing power inverters that infringe the '272 patent, all to the damage and injury of the Plaintiff CPS.

50. Wagan has sold and offered for sale power inverters that infringe the '272 patent after actual and constructive notice of the '272 patent, and upon information and belief continues to sell the accused power inverters after having notice of the infringement.

51. Wagan sells and has sold the infringing power inverters within the United States without license from CPS.

8

52. Upon information and belief Wagan's actions were willful and in disregard of CPS' rights in the '272 patent.

53.  Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Wagan on account of its infringement of the '272 patent.

54. Best Buy imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 80 USB, the Smart AC 100 USB power inverters and the 700W USB AC Inverter, covered by the '272 patent.

55. Best Buy has infringed upon the '272 patent in violation of Title 35 U.S.C. §271 by using, selling, and/or offering to sell power inverters that infringe the '272 patent, all to the damage and injury of the Plaintiff CPS.

56. Best Buy has sold and offered for sale power inverters that infringe the '272 patent after constructive notice of the '272 patent.

57. Best Buy sells and has sold the infringing power inverters within the United States without license from the CPS.

58. Upon information and belief Best Buy's actions were willful and in direct disregard of CPS's patent rights.

59.  Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Best Buy for its infringement of the '272 patent.

COUNT IV

<u>Patent Infringement; U.S. Patent No. 7,298,627</u>

60. Paragraphs 1 through 17 are adopted and incorporated herein by reference as is fully set out in this paragraph 60.

61. CPS is the owner of the '627 patent.

62. Wagan imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 100 USB inverters, that are covered by the '627 patent.

63. Wagan has infringed upon the '627 patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing power inverters that infringe the '627 patent, all to the damage and injury of the Plaintiff CPS.

64. Wagan has sold and offered for sale power inverters that infringe the '627 patent after actual and constructive notice of the '627 patent, and upon information and belief continues to sell the accused power inverters after having notice of the infringement.

65. Wagan sells and has sold the infringing power inverters within the United States without license from CPS.

66. Upon information and belief Wagan's actions were willful and in disregard of CPS' rights in the '627 patent.

67. Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Wagan on account of its infringement of the '627 patent.

68. Best Buy imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 100 USB power inverters, covered by the '627 patent.

69. Best Buy has infringed upon the '627 patent in violation of Title 35 U.S.C. §271 by using, selling, and/or offering to sell power inverters that infringe the '627 patent, all to the damage and injury of the Plaintiff CPS.

70. Best Buy has sold and offered for sale power inverters that infringe the '627 patent after constructive notice of the '627 patent.

71. Best Buy sells and has sold the infringing power inverters within the United States without license from the CPS.

72. Upon information and belief Best Buy's actions were willful and in direct disregard of CPS's patent rights.

73. Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Best Buy for its infringement of the '627 patent.

### COUNT V

<u>Patent Infringement; U.S. Patent No. 7,272,008</u>

74. Paragraphs 1 through 17 are adopted and incorporated herein by reference as is fully set out in this paragraph 74.

75. CPS is the owner of the '008 patent.

76. Wagan imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 100 USB inverters, that are covered by the '008 patent.

77. Wagan has infringed upon the '008 patent in violation of Title 35 U.S.C. §271 by making, using, selling, offering to sell, and/or importing power inverters that infringe the '008 patent, all to the damage and injury of the Plaintiff CPS.

78. Wagan has sold and offered for sale power inverters that infringe the '008 patent after actual and constructive notice of the '008 patent, and upon information and belief continues to sell the accused power inverters after having notice of the infringement.

79. Wagan sells and has sold the infringing power inverters within the United States without license from CPS.

80. Upon information and belief Wagan's actions were willful and in disregard of CPS' rights in the '008 patent.

81.  Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Wagan on account of its infringement of the '008 patent.

82. Best Buy imports, sells, distributes, and offers for sale within this judicial district power inverters, e.g., the Smart AC 100 USB power inverters, covered by the '008 patent.

83. Best Buy has infringed upon the '627 patent in violation of Title 35 U.S.C. §271 by using, selling, and/or offering to sell power inverters that infringe the '008 patent, all to the damage and injury of the Plaintiff CPS.

84. Best Buy has sold and offered for sale power inverters that infringe the '008 patent after constructive notice of the '008 patent.

85. Best Buy sells and has sold the infringing power inverters within the United States without license from the CPS.

86. Upon information and belief Best Buy's actions were willful and in direct disregard of CPS's patent rights.

87. Plaintiff CPS has suffered and continues to suffer irreparable damage and injury for which there is no adequate remedy at law against the Defendant Best Buy for its infringement of the '008 patent.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff CPS prays that judgment be entered by this Court in its favor and against the Defendants Wagan and Best Buy providing the following relief:

1. That Defendants, their agents, affiliates, subsidiaries, servants, employees and attorneys and those persons in active concert with or controlled by them be permanently enjoined from making, using and selling products that infringe the patents-in-suit;

2. That Defendants be required to account to Plaintiff for Plaintiff's lost profits and for all damages sustained by and entitled to Plaintiff by reason of the infringement of the patents-in-suit (35 U.S.C. § 284);

3. That judgment be entered against Defendants for Plaintiff's damages in an amount to be determined at trial, and for prejudgment interest based upon infringement damages accruing from the date of Defendants' acts of infringement;

13

      4.   That a determination be made that Defendants' actions were willful in disregard of Plaintiff's rights and be required to pay to Plaintiff the costs of this action and Plaintiff's reasonable attorney fees (35 U.S.C. § 285), and that such damages be trebled;

      5.   That an order issue directing Defendants to deliver to Plaintiff for immediate destruction all remaining power inverters, advertisements, circulars, brochures or other promotional or advertising items, web site or other materials for its infringing power inverters;

      6.   Plaintiff also seeks such other and further relief as may be proper and just.

Plaintiff requests a trial by jury.

                          Computer Patent Systems, LLC
                          Plaintiff,


                      By:     s/ Joseph W. Berenato III
                          Joseph W. Berenato, III
                          Virginia Bar No. 22,975
                          BERENATO & WHITE, LLC
                          6550 Rock Spring Drive
                          Suite 240
                          Bethesda, MD 20817
                          301-896-0600
                          e-mail: jberenato@bw-iplaw.com

                          Matthew Stavish
                          BERENATO & WHITE, LLC
                          6550 Rock Spring Drive
                          Suite 240
                          Bethesda, MD 20817
                          301-896-0600
                          e-mail: mstavish@bw-iplaw.com

## Certificate of Service

I hereby certify that on November 21, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Peter C. Ihrig: pcihrig@rkmc.com
Christopher K. Larus: cklarus@rkmc.com
Arthur Patrick Strickland: art@aps.roacoxmail.com