# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **Computer Patent Systems, LLC** | |
| **Plaintiff,** | **Case No. 13-cv-00037** |
| **vs.** | **JURY TRIAL DEMANDED** |
| **Wagan Corporation** | |
| **And** | |
| **Best Buy Stores, L.P.,** | |
| **And** | |
| **BestBuy.com, LLC.** | |
| **Defendants**. | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT WAGAN CORPORATION

Defendant Wagan Corporation ("Wagan")  hereby responds to the Second Amended Complaint ("Complaint") filed by Computer Patent Systems, LLC ("Plaintiff") with the following Answer and Affirmative Defenses:

## GENERAL DENIAL

Unless expressly admitted, qualified or answered herein, Wagan denies each and every allegation, matter, or thing alleged or asserted in the Complaint.

1

## PARTIES AND JURISDICTION

1.   Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.   Paragraph 2 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 2 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint, and therefore denies them..

3.   Admitted.

4.   Wagan admits that it sells certain power inverters, including those sold under the product designations listed in **first paragraph 4** of the Complaint throughout the United States.   Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the **first paragraph 4** of the Complaint, and therefore denies them.

4.   Wagan admits that the Complaint purports to state causes of action for infringement of U.S. Patent No. 8,472,192 (the "192 Patent"), U.S. Patent No. 7,483,272 (the "272 Patent"), U.S. Patent No. 8,154,872 (the "872 Patent"), U.S. Patent No. 7,298,627 (the "627 Patent") and U.S. Patent No. 7,272,008 (the "008 Patent") (collectively the "Asserted Patents") under 35 U.S.C. § 271. Wagan

denies, however, that Plaintiff has set forth any such meritorious claims, or that Plaintiff is entitled to any relief.

5.   Wagan admits that this Court has subject matter jurisdiction over this matter.   Wagan denies the remaining allegations in paragraph 5 of the Complaint.

6.   Wagan admits that this court has personal jurisdiction over it. Wagan denies the remaining allegations in paragraph 6 of the Complaint.

## GENERAL ALLEGATIONS

7.   Wagan denies that any documents were attached as Exhibits 1-5 to the Complaint. Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 7 of the Complaint, and therefore denies them.

8.   Without admitting that the '192 Patent properly issued or that it is entitled to the claimed priority date, Wagan admits that on its face the '192 Patent bears an issue date of June 25, 2013 and claims priority to a November 14, 2003 filing date.   Wagan denies the remaining allegations in paragraph 8 of the Complaint.

9.   Without admitting that the 872 Patent properly issued or that it is entitled to the claimed priority date, Wagan admits that on its face the 872 Patent bears an issue date of April 10, 2012 and claims priority to a November 14, 2003

3

filing date.   Wagan denies the remaining allegations in paragraph 9 of the Complaint.

10. Without admitting that the 272 Patent properly issued or that it is entitled to the claimed priority date, Wagan admits that on its face the 272 Patent bears an issue date of January 27, 2009 and claims priority to a November 14, 2003 filing date.  Wagan denies the remaining allegations in paragraph 10 of the Complaint.

11. Without admitting that the 627 Patent properly issued, Wagan admits that on its face the 627 Patent bears an issue date of November 20, 2007.  Wagan denies the remaining allegations in paragraph 11 of the Complaint.

12. Without admitting that the 008 Patent properly issued, Wagan admits that on its face the 008 Patent bears an issue date of September 18, 2007.  Wagan denies the remaining allegations in paragraph 12 of the Complaint.

13. Wagan admits that 35 U.S.C. § 282 states, in part, that properly issued patents are presumed valid.

14. Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15. Wagan admits that it designs, manufactures and sells power inverters. Wagan denies the remaining allegations in paragraph 15 of the Complaint.

16.    Wagan admits that it sells certain power inverters, including those sold under the product designations listed in paragraph 16 of the Complaint, within the United States.  Wagan denies the remaining allegations in paragraph 16 of the Complaint.

17.    Wagan admits it has a web page through which customers can download product manuals. Wagan denies the remaining allegations in paragraph 17 of the complaint.

## COUNT I

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 8,472,192

18.    Wagan restates its answers to paragraphs 1 through 17 of the Complaint.

19.    Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 19 of the Complaint, and therefore denies it.

20.    Wagan admits that it imports, sells and offers  for sale power inverters, including those sold under the product designations listed in paragraph 20 of the Complaint.  Wagan denies the remaining allegations in paragraph 20 of the Complaint.

21.    Wagan denies the allegations of paragraph 21 of the Complaint.

22.    Wagan denies the allegations in paragraph 22 of the Complaint.

23.    Wagan admits that it has sold power inverters, including those sold under the product designations listed in paragraph 23 of the Complaint without license from CPS.  Wagan expressly denies that it had any reason to seek such a license. Wagan denies the remaining allegations in paragraph 23 of the Complaint.

24.    Wagan denies the allegations of paragraph 24 of the Complaint.

25.    Wagan denies the allegations in paragraph 25 of the Complaint.

26.    Paragraph 26 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 26 of the Complaint, Wagan admits that Best Buy has sold certain power inverters, including those sold under the designations listed in paragraph 26 of the Complaint. Wagan denies the remaining allegations in paragraph 26 of the Complaint.

27.    Paragraph 27 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 27 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 27 of the Complaint, and therefore denies them.

28.    Paragraph 28 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 28

of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 28 of the Complaint, and therefore denies them.

29.    Paragraph 29 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 29 of the Complaint, Wagan admits that Best Buy has sold certain power inverters, including those sold under the designations listed in paragraph 29 of the Complaint. Wagan denies that such specifically identified products infringe any valid claim of the '192 patent. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint, and therefore denies them.

30.    Paragraph 30 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 30 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the allegations in paragraph 30 of the Complaint, and therefore denies them.

31.    Paragraph 31 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 31 of the Complaint, Wagan is without knowledge or information sufficient to form

a belief as to the allegations in paragraph 31 of the Complaint, and therefore denies them.

## COUNT II

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 8,154,872

32.    Wagan restates its answers to paragraphs 1 through 17 of the Complaint.

33.    Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 33 of the Complaint, and therefore denies it.

34.    Wagan admits that it imports, sells, and offers for sale power inverters, including those sold under the product designations listed in paragraph 34 of the Complaint.  Wagan denies the remaining allegations in paragraph 34 of the Complaint.

35.    Wagan denies the allegations of paragraph 35 of the Complaint.

36.    Wagan denies the allegations of paragraph 36 of the Complaint.

37.    Wagan admits that it sells and has sold power inverters without license from CPS.  Wagan expressly denies that it had any reason to seek such a license. Wagan denies the remaining allegations in paragraph 37 of the Complaint.

38.    Wagan denies the allegations of paragraph 38 of the Complaint.

39.    Wagan denies the allegations in paragraph 39 of the Complaint.

40.    Paragraph 40 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 40 of the Complaint, Wagan admits that Best Buy has sold certain power inverters, including those sold under the designations listed in paragraph 40 of the Complaint. Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 40 of the Complaint, and therefore denies them. Best Buy has infringed upon the '872 patent in violation of Title 35 U.S.C. §271 by using, selling, offering to sell, and/or importing power inverters that infringe the '872 patent, all to the damage and injury of the Plaintiff CPS.

41.    Paragraph 41 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 41 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the allegations in paragraph 41 of the Complaint, and therefore denies them.

42.    Paragraph 42 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 42 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the

remaining allegations in paragraph 42 of the Complaint, and therefore denies them.

43.    Paragraph 43 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 43 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 43 of the Complaint, and therefore denies them.

44.    Paragraph 44 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 44 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint, and therefore denies them.

45.    Paragraph 45 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 45 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 45 of the Complaint, and therefore denies them.

## COUNT III

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 7,483,272

46.   Wagan restates its answers to paragraphs 1 through 17 of the Complaint.

47.   Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 47 of the Complaint, and therefore denies it.

48.   Wagan admits that it imports, sells and offers for sale power inverters, including those sold under the product designations listed in paragraph 48 of the Complaint.  Wagan denies the remaining allegations in paragraph 48 of the Complaint.

49.   Wagan denies the allegations of paragraph 49 of the Complaint.

50.   Wagan denies the allegations of paragraph 50 of the Complaint.

51.   Wagan admits that it sells and has sold power inverters without license from CPS.  Wagan expressly denies that it had any reason to seek such a license. Wagan denies the remaining allegations in paragraph 51 of the Complaint.

52.   Wagan denies the allegations of paragraph 52 of the Complaint.

53.   Wagan denies the allegations in paragraph 53 of the Complaint.

54.   Paragraph 54 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 54

11

of the Complaint, Wagan admits that Best Buy has sold certain power inverters, including those sold under the designations listed in paragraph 54 of the Complaint. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 54 of the Complaint, and therefore denies them.

55.   Paragraph 55 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 55 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint, and therefore denies them.

56.   Paragraph 56 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 56 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 56 of the Complaint, and therefore denies them.

57.   Paragraph 57 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 57 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 57 of the Complaint, and therefore denies them.

58.   Paragraph 58 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 58 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Complaint, and therefore denies them.

59.   Paragraph 59 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 59 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Complaint, and therefore denies them.

## **COUNT IV**

## **[ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 7,298,627**

60.   Wagan restates its answers to paragraphs 1 through 17 of the Complaint.

61.   Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 61 of the Complaint, and therefore denies it.

62.    Wagan admits that it imports, sells and offers  for sale power inverters, including those sold under the product designations listed in paragraph 62 of the Complaint.  Wagan denies the remaining allegations in paragraph 62 of the Complaint.

63.    Wagan denies the allegations of paragraph 63 of the Complaint.

64.    Wagan denies the allegations of paragraph 64 of the Complaint.

65.    Wagan admits that it has sold power inverters without license from CPS.  Wagan expressly denies that it had any reason to seek such a license. Wagan denies the remaining allegations in paragraph 65 of the Complaint.

66.    Wagan denies the allegations of paragraph 66 of the Complaint.

67.    Wagan denies the allegations in paragraph 67 of the Complaint.

68.    Paragraph 68 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 68 of the Complaint, Wagan admits that Best Buy has sold certain power inverters, including those sold under the designations listed in paragraph 68 of the Complaint. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 of the Complaint, and therefore denies them.

69.    Paragraph 69 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 69

14

of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Complaint, and therefore denies them.

70.    Paragraph 70 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 70 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 70 of the Complaint, and therefore denies them.

71.    Paragraph 71 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 71 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 71 of the Complaint, and therefore denies them.

72.    Paragraph 72 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 72 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 72 of the Complaint, and therefore denies them.

15

73.     Paragraph 73 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 73 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the Complaint, and therefore denies them.

## COUNT V

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 7,272,008

74.     Wagan restates it answers to paragraphs 1 through 17 of the Complaint.

75.     Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 75 of the Complaint, and therefore denies it.

76.     Wagan admits that it imports, sells and offers for sale power inverters, including those sold under the product designations listed in paragraph 76 of the Complaint.  Wagan denies the remaining allegations in paragraph 76 of the Complaint.

77.     Wagan denies the allegations of paragraph 77 of the Complaint.

78.     Wagan denies the allegations of paragraph 78 of the Complaint.

79.   Wagan admits that it has sold power inverters without license from CPS.  Wagan expressly denies that it had any reason to seek such a license. Wagan denies the remaining allegations in paragraph 79 of the Complaint.

80.   Wagan denies the allegations of paragraph 80 of the Complaint.

81.   Wagan denies the allegations in paragraph 81 of the Complaint.

82.   Paragraph 82 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 82 of the Complaint, Wagan admits that Best Buy has sold certain power inverters, including those sold under the designations listed in paragraph 82 of the Complaint. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 of the Complaint, and therefore denies them.

83.   Paragraph 83 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 83 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of the Complaint, and therefore denies them.

84.   Paragraph 84 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 84 of the Complaint, Wagan admits that Best Buy has sold certain power inverters.

Wagan is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 84 of the Complaint, and therefore denies them.

85.    Paragraph 85 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 85 of the Complaint, Wagan admits that Best Buy has sold certain power inverters. Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 85 of the Complaint, and therefore denies them.

86.    Paragraph 86 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 86 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint, and therefore denies them.

87.    Paragraph 87 of the Complaint contains allegations directed at Best Buy, and not Wagan. To the extent Wagan is required to respond to paragraph 87 of the Complaint, Wagan is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 of the Complaint, and therefore denies them.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

These paragraphs, listed as 1, 2, 3, 4, 5 and 6 in the Complaint, set forth the statement of relief requested by Plaintiff to which no response is required. To the extent any admission or denial may be required, and to the extent such relief is sought against Wagan, Wagan denies that Plaintiff is entitled to any of the requested relief and Wagan denies any allegations that are directed to Wagan. To the extent any allegations in Plaintiff's Prayer for Relief are directed to other defendants, Wagan is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Wagan asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the Asserted Patents)

1.   Wagan has not infringed, directly, indirectly, and/or via any other mechanism of liability, any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patents)

2.   Each of the Asserted Patents' claims are invalid for failure to meet the requirements of patentability set forth in 35 U.S.C. §§ 1 *et seq.*, including without

limitation §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
**(Equitable Defenses)**

3.   Plaintiff's claims are barred, in whole or in part, under principles of equity, including without limitation, estoppel, prosecution history estoppel, laches, prosecution laches, waiver, acquiescence, and/or unclean hands

### FOURTH AFFIRMATIVE DEFENSE
**(Limitation on Damages)**

4.   Any claim by Plaintiff for damages for alleged infringement more than six years prior to filing of this action is limited and/or barred, in whole or in part, by 35 U.S.C. § 286. Plaintiff is further limited and/or barred, in whole or in part, under 35 U.S.C. § 287, from recovering damages prior to the date of the filing of the Complaint. Plaintiff is further limited and/or barred, in whole or in part, by 35 U.S.C. § 288, from recovering costs associated with this action.

### FIFTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

5.   Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE
**(No Exceptional Case)**

6.   Plaintiff cannot prove this is an exceptional case justifying an award of attorneys' fees or enhanced damages against Wagan pursuant to 35 U.S.C. § 285

because Wagan has not engaged in any conduct that meets the standard for awarding attorneys' fees or enhanced damages to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE
### (Inadequate Evidence of Ownership)

7.   Plaintiff has failed to provide adequate evidence of ownership of the Asserted Patents.

### TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

8.   Each and every one of Plaintiff's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

9.   Plaintiff's claims are barred in whole or in part because venue in this judicial district is improper.

### TWELFTH AFFIRMATIVE DEFENSE
### (No Basis for Injunction)

10. Plaintiff is not entitled to injunctive relief because Wagan does not infringe any valid and enforceable claim of the Asserted Patents. Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits; Plaintiff has not suffered and will not suffer immediate and irreparable harm because of any conduct by Wagan; and Plaintiff has an adequate remedy at law for any claims it can prove.

**ADDITIONAL DEFENSES**

In addition to the affirmative defenses set forth above, Wagan specifically reserves all rights to assert additional affirmative defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may become available in the future.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Wagan demands a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

Wagan respectfully requests that this Court enter judgment in its favor and against CPS and grant the following relief:

A.    Dismissal of CPS's claims in their entirety with prejudice;

B.    A finding that CPS take nothing by way of its Complaint;

C.    An order finding that Wagan has not infringed any claim of the Asserted Patents;

D.    An order finding that the claims of the Asserted Patents patent are invalid;

E.    An order awarding Wagan its costs;

F.      An order finding that this is an exceptional case and awarding Wagan its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.      An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

DATED: December 12, 2013      Respectfully submitted,

*/s/*      *Arthur P. Strickland*
Arthur P. Strickland (VA Bar No. 13337)
Art@stricklandattorneys.com
**STRICKLAND, DIVINEY & STRELKA**
23 Franklin Rd. SW
P.O. BOX 2866
Roanoke, VA 24011
Telephone: 540-982-7787
Facsimile: 540-342-2909

Christopher K. Larus, *Pro Hac Vice Submitted*
CKLarus@rkmc.com
(MN Bar No. 226828)
Peter C. Ihrig, *Pro Hac Vice Submitted*
PCIhrig@rkmc.com
(MN Bar No. 0390392)

**ROBINS, KAPLAN, MILLER & CIRESI
L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

**Attorneys for Defendant**
*WAGAN CORPORATION*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2013, I caused a true and correct copy of this document (Answer and Affirmative Defenses of Wagan Corporation) to be served on all counsel of record via Electronic Case Filing (ECF) pursuant to Local Rule 7(g).

Dated: <u>December 12, 2013</u>         <u>/s/ *Arthur P. Strickland*</u>
                                        Arthur P. Strickland (VA Bar No. 13337)
                                        Art@stricklandattorneys.com
                                        **STRICKLAND, DIVINEY & STRELKA**
                                        23 Franklin Rd. SW
                                        P.O. BOX 2866
                                        Roanoke, VA 24011
                                        Telephone: 540-982-7787
                                        Facsimile: 540-342-2909