## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| Computer Patent Systems, LLC<br><br>                    Plaintiff,<br><br>    vs.<br><br>Wagan Corporation<br><br>And<br><br>Best Buy Stores, L.P.,<br><br>And<br><br>BestBuy.com, LLC.<br><br>                    Defendants. | **Case No. 13-cv-00037**<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANTS BEST BUY STORES, L.P. AND BESTBUY.COM, LLC

Defendants Best Buy Stores, L.P. and BestBuy.com, LLC (collectively "Best Buy") hereby respond to the Second Amended Complaint ("Complaint") filed by Computer Patent Systems, LLC ("Plaintiff") with the following Answer and Affirmative Defenses:

## GENERAL DENIAL

Unless expressly admitted, qualified or answered herein, Best Buy denies each and every allegation, matter, or thing alleged or asserted in the Complaint.

## PARTIES AND JURISDICTION

1.   Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint, and therefore denies them.

2.   Best Buy admits that Best Buy Stores, L.P. and BestBuy.com, LLC have their principal places of business at 7601 Penn Avenue South, Richfield, MN 55423 and distribute various goods, including within this Judicial District. Best Buy denies the remaining allegations in paragraph 2 of the Complaint.

3.   Paragraph 3 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 3 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and therefore denies them.

4.   The **first paragraph 4** of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to the **first paragraph 4** of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in the **first paragraph 4** of the Complaint. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the **first paragraph 4** of the Complaint, and therefore denies them.

2

4.    Best Buy admits that the Complaint purports to state causes of action for infringement of U.S. Patent No. 8,472,192 (the "192 Patent"), U.S. Patent No. 7,483,272 (the "272 Patent"), U.S. Patent No. 8,154,872 (the "872 Patent"), U.S. Patent No. 7,298,627 (the "627 Patent") and U.S. Patent No. 7,272,008 (the "008 Patent") (collectively the "Asserted Patents") under 35 U.S.C. § 271. Best Buy denies, however, that Plaintiff has set forth any such meritorious claims, or that Plaintiff is entitled to any relief.

5.    Best Buy admits that this Court has subject matter jurisdiction over this matter.   Best Buy denies the remaining allegations in paragraph 5 of the Complaint.

6.    Paragraph 6 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 6 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, and therefore denies them.

## GENERAL ALLEGATIONS

7.    Best Buy denies that any documents were attached as Exhibits 1-5 to the Complaint. Best Buy is without knowledge or information sufficient to form a belief as to the allegations in paragraph 7 of the Complaint, and therefore denies them.

8.   Without admitting that the '192 Patent properly issued or that it is entitled to the claimed priority date, Best Buy admits that on its face the '192 Patent bears an issue date of June 25, 2013 and claims priority to a November 14, 2003 filing date.  Best Buy denies the remaining allegations in paragraph 8 of the Complaint.

9.   Without admitting that the '872 Patent properly issued or that it is entitled to the claimed priority date, Best Buy admits that on its face the '872 Patent bears an issue date of April 10, 2012 and claims priority to a November 14, 2003 filing date.  Best Buy denies the remaining allegations in paragraph 9 of the Complaint.

10. Without admitting that the '272 Patent properly issued or that it is entitled to the claimed priority date, Best Buy admits that on its face the '272 Patent bears an issue date of January 27, 2009 and claims priority to a November 14, 2003 filing date.  Best Buy denies the remaining allegations in paragraph 10 of the Complaint.

11. Without admitting that the '627 Patent properly issued, Best Buy admits that on its face the '627 Patent bears an issue date of November 20, 2007. Best Buy denies the remaining allegations in paragraph 11 of the Complaint.

12. Without admitting that the 008 Patent properly issued, Best Buy admits that on its face the 008 Patent bears an issue date of September 18, 2007. Best Buy denies the remaining allegations in paragraph 12 of the Complaint.

13. Best Buy admits that 35 U.S.C. § 282 states, in part, that properly issued patents are presumed valid.

14. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, and therefore denies them.

15. Paragraph 15 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 15 of the Complaint, Best Buy admits that Wagan has sold power inverters.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and therefore denies them.

16. Paragraph 16 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 16 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 16 of the Complaint.  Best Buy is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph 16 of the Complaint, and therefore denies them.

17. Paragraph 17 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 17 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint, and therefore denies them.

## COUNT I

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 8,472,192

18. Best Buy restates its answers to paragraphs 1 through 17 of the Complaint.

19. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and therefore denies them.

20. Paragraph 20 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 20 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 20 of the Complaint. Best Buy denies the remaining allegations in paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 21 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, and therefore denies them.

22. Paragraph 22 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 22 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 22 of the Complaint.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and therefore denies them.

23. Paragraph 23 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 23 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 23 of the Complaint.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the Complaint, and therefore denies them.

24. Paragraph 24 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 24 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and therefore denies them.

25. Paragraph 25 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 25 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and therefore denies them.

26. Best Buy admits that it has sold and offered for sale power inverters, including those sold under the product designations listed in paragraph 26 of the Complaint.  Best Buy denies the remaining allegations in paragraph 26 of the Complaint.

27. Best Buy denies the allegations in paragraph 27 of the Complaint.

28. Best Buy denies the allegations in paragraph 28 of the Complaint.

29. Best Buy admits that it has sold power inverters, including those sold under the product designations listed in paragraph 29 of the Complaint without license from CPS.  Best Buy expressly denies that it had any reason to seek such a

license.  Best Buy denies the remaining allegations in paragraph 29 of the Complaint.

30.  Best Buy denies the allegations in paragraph 30 of the Complaint.

31.  Best Buy denies the allegations in paragraph 31 of the Complaint.

## COUNT II

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 8,154,872

32. Best Buy restates its answers to paragraphs 1 through 17 of the Complaint.

33. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Complaint, and therefore denies them.

34. Paragraph 34 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 34 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 34 of the Complaint.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint, and therefore denies them.

35. Paragraph 35 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 35

of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint, and therefore denies them..

36. Paragraph 36 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 36 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 of the Complaint, and therefore denies them.

37. Paragraph 37 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 37 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37 of the Complaint, and therefore denies them.

38. Paragraph 38 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 38 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and therefore denies them.

39. Paragraph 39 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 39 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and therefore denies them.

40. Best Buy admits that it has sold and offered for sale power inverters, including those sold under the product designations listed in paragraph 40 of the Complaint. Best Buy denies the remaining allegations in paragraph 40 of the Complaint.

41. Best Buy denies the allegations in paragraph 41 of the Complaint.

42. Best Buy denies the allegations in paragraph 42 of the Complaint.

43. Best Buy admits that it has sold power inverters without license from CPS. Best Buy expressly denies that it had any reason to seek such a license. Best Buy denies the remaining allegations in paragraph 43 of the Complaint.

44. Best Buy denies the allegations in paragraph 44 of the Complaint.

45. Best Buy denies the allegations in paragraph 45 of the Complaint.

## COUNT III

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 7,483,272

46. Best Buy restates its answers to paragraphs 1 through 17 of the Complaint.

47. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint, and therefore denies them.

48. Paragraph 48 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 48 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 48 of the Complaint. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 48 of the Complaint, and therefore denies them.

49. Paragraph 49 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 49 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, and therefore denies them.

50. Paragraph 50 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 50 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph 50 of the Complaint, and therefore denies them.

51. Paragraph 51 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 51 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 51 of the Complaint, and therefore denies them.

52. Paragraph 52 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 52 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint, and therefore denies them.

53. Paragraph 53 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 53 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and therefore denies them.

54. Best Buy admits that it has sold and offered for sale power inverters, including those sold under the product designations listed in paragraph 54 of the

Complaint. Best Buy denies the remaining allegations in paragraph 54 of the Complaint.

55.   Best Buy denies the allegations in paragraph 55 of the Complaint.

56.   Best Buy denies the allegations in paragraph 56 of the Complaint.

57.   Best admits that it has sold power inverters without license from CPS. Best Buy expressly denies that it had any reason to seek such a license. Best Buy denies the remaining allegations in paragraph 57 of the Complaint.

58.   Best Buy denies the allegations in paragraph 58 of the Complaint.

59.   Best Buy denies the allegations in paragraph 59 of the Complaint.

## COUNT IV

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 7,298,627

60. Best Buy restates its answers to paragraphs 1 through 17 of the Complaint.

61. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint, and therefore denies them.

62. Paragraph 62 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 62 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 62of the

Complaint. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Complaint, and therefore denies them..

63. Paragraph 63 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 63 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the Complaint, and therefore denies them.

64. Paragraph 64 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 64 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 64 of the Complaint, and therefore denies them.

65. Paragraph 65 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 65 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. BBest Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 of the Complaint, and therefore denies them.

66. Paragraph 66 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 66 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and therefore denies them.

67. Paragraph 67 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 67 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Complaint, and therefore denies them..

68. Best Buy admits that it has sold and offered for sale power inverters, including those sold under the product designations listed in paragraph 68 of the Complaint. Best Buy denies the remaining allegations in paragraph 68 of the Complaint.

69. Best Buy denies the allegations in paragraph 69 of the Complaint.

70. Best Buy denies the allegations in paragraph 70 of the Complaint.

71. Best Buy admits that it has sold power inverters without license from CPS. Best Buy expressly denies that it had any reason to seek such a license. Best Buy denies the remaining allegations in paragraph 71 of the Complaint.

72. Best Buy denies the allegations in paragraph 72 of the Complaint.

73.  Best Buy denies the allegations in paragraph 73 of the Complaint.

## COUNT V

## [ALLEGED] PATENT INFRINGEMENT; U.S. PATENT NO. 7,272,008

74.  Best Buy restates it answers to paragraphs 1 through 17 of the Complaint.

75.  Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the Complaint, and therefore denies them.

76.  Paragraph 76 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 76 of the Complaint, Best Buy admits that Wagan has sold certain power inverters, including those sold under the product designations listed in paragraph 76 of the Complaint. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the Complaint, and therefore denies them..

77.  Paragraph 77 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 77 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the Complaint, and therefore denies them.

78. Paragraph 78 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 78 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 78 of the Complaint, and therefore denies them.

79. Paragraph 79 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 79 of the Complaint, Best Buy admits that Wagan has sold certain power inverters. Best Buy is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 of the Complaint, and therefore denies them.

80. Paragraph 80 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 80 of the Complaint, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 of the Complaint, and therefore denies them.

81. Paragraph 81 of the Complaint contains allegations directed at Wagan, and not Best Buy. To the extent Best Buy is required to respond to paragraph 81 of the Complaint, Best Buy is without knowledge or information sufficient to

form a belief as to the truth of the allegations in paragraph 81 of the Complaint, and therefore denies them.

82.  Best Buy admits that it has sold and offered for sale power inverters, including those sold under the product designations listed in paragraph 82 of the Complaint. Best Buy denies the remaining allegations in paragraph 82 of the Complaint.

83.  Best Buy denies the allegations in paragraph 83 of the Complaint.

84.  Best Buy denies the allegations in paragraph 84 of the Complaint.

85.  Best Buy admits that it has sold power inverters without license from CPS.  Best Buy expressly denies that it had any reason to seek such a license. Best Buy denies the remaining allegations in paragraph 85 of the Complaint.

86.  Best Buy denies the allegations in paragraph 86 of the Complaint.

87.  Best Buy denies the allegations in paragraph 87 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

These paragraphs, listed as 1, 2, 3, 4, 5 and 6 in the Complaint, set forth the statement of relief requested by Plaintiff to which no response is required. To the extent any admission or denial may be required, and to the extent such relief is sought against Best Buy, Best Buy denies that Plaintiff is entitled to any of the requested relief and Best Buy denies any allegations that are directed to Best Buy. To the extent any allegations in Plaintiff's Prayer for Relief are directed to other

defendants, Best Buy is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Best Buy asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement of the Asserted Patents)

1.    Best Buy has not infringed, directly, indirectly, and/or via any other mechanism of liability, any valid claim of the Asserted Patents, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity of the Asserted Patents)

2.    Each of the Asserted Patents' claims are invalid for failure to meet the requirements of patentability set forth in 35 U.S.C. §§ 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE
### (Equitable Defenses)

3.    Plaintiff's claims are barred, in whole or in part, under principles of equity, including without limitation, estoppel, prosecution history estoppel, laches, prosecution laches, waiver, acquiescence, and/or unclean hands

**FOURTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

4.   Any claim by Plaintiff for damages for alleged infringement more than six years prior to filing of this action is limited and/or barred, in whole or in part, by 35 U.S.C. § 286. Plaintiff is further limited and/or barred, in whole or in part, under 35 U.S.C. § 287, from recovering damages prior to the date of the filing of the Complaint. Plaintiff is further limited and/or barred, in whole or in part, by 35 U.S.C. § 288, from recovering costs associated with this action.

**FIFTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

5.   Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages, if any.

**SIXTH AFFIRMATIVE DEFENSE**
**(No Exceptional Case)**

6.   Plaintiff cannot prove this is an exceptional case justifying an award of attorneys' fees or enhanced damages against Best Buy pursuant to 35 U.S.C. § 285 because Best Buy has not engaged in any conduct that meets the standard for awarding attorneys' fees or enhanced damages to Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**
**(Inadequate Evidence of Ownership)**

7.   Plaintiff has failed to provide adequate evidence of ownership of the Asserted Patents.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

8.   Each and every one of Plaintiff's claims for relief and each and every one of its allegations fail to state a claim upon which relief can be granted.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Improper Venue)

9.   Plaintiff's claims are barred in whole or in part because venue in this judicial district is improper.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Basis for Injunction)

10.  Plaintiff is not entitled to injunctive relief because Best Buy does not infringe any valid and enforceable claim of the Asserted Patents. Plaintiff is further not entitled to injunctive relief because Plaintiff is not likely to prevail on the merits; Plaintiff has not suffered and will not suffer immediate and irreparable harm because of any conduct by Best Buy; and Plaintiff has an adequate remedy at law for any claims it can prove.

## ADDITIONAL DEFENSES

In addition to the affirmative defenses set forth above, Best Buy specifically reserves all rights to assert additional affirmative defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or in equity that may exist now or that may become available in the future.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Best Buy demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Best Buy respectfully requests that this Court enter judgment in its favor and against CPS and grant the following relief:

A.      Dismissal of CPS's claims in their entirety with prejudice;

B.      A finding that CPS take nothing by way of its Complaint;

C.      An order finding that Best Buy has not infringed any claim of the Asserted Patents;

D.      An order finding that the claims of the Asserted Patents patent are invalid;

E.      An order awarding Best Buy its costs;

F.      An order finding that this is an exceptional case and awarding Best Buy its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

G.      An order awarding such additional relief as the Court may deem appropriate and just under the circumstances.

DATED: December 12, 2013          Respectfully submitted,

_/s/_          _Arthur P. Strickland_
Arthur P. Strickland (VA Bar No. 13337)
Art@stricklandattorneys.com
**STRICKLAND, DIVINEY & STRELKA**
23 Franklin Rd. SW
P.O. BOX 2866
Roanoke, VA 24011
Telephone: 540-982-7787
Facsimile: 540-342-2909

Christopher K. Larus, _Pro Hac Vice Submitted_
CKLarus@rkmc.com
(MN Bar No. 226828)
Peter C. Ihrig, _Pro Hac Vice Submitted_
PCIhrig@rkmc.com
(MN Bar No. 0390392)

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

**Attorneys for Defendant**
**_BEST BUY STORES, L.P. and_**
**_BESTBUY.COM LLC_**

24

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on December 12, 2013, I caused a true and correct copy

of this document (Answer and Affirmative Defenses of Best Buy Stores, L.P. and

BestBuy.com, LLC) to be served on all counsel of record via Electronic Case

Filing (ECF) pursuant to Local Rule 7(g).

Dated: <u>December 12, 2013</u>      <u>/s/ *Arthur P. Strickland*</u>
                        Arthur P. Strickland (VA Bar No. 13337)
                        Art@stricklandattorneys.com
                        **STRICKLAND, DIVINEY & STRELKA**
                        23 Franklin Rd. SW
                        P.O. BOX 2866
                        Roanoke, VA 24011
                        Telephone: 540-982-7787
                        Facsimile: 540-342-2909